In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 24-1331

MICHAEL MOGAN,

*Plaintiff-Appellant,*

*v.*

PORTFOLIO MEDIA, INC.,

*Defendant-Appellee.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:23-cv-02868 — **Matthew F. Kennelly**, *Judge.*

———————————

ARGUED OCTOBER 22, 2024 — DECIDED JULY 14, 2025

———————————

Before BRENNAN, JACKSON-AKIWUMI, and KOLAR, *Circuit Judges.*

PER CURIAM. Michael Mogan appeals the district court's dismissal of his suit against Portfolio Media, the owner of Law360, for defamation and false light. Because Mogan fails to show that any statement by Law360 falls outside the fair report privilege, we affirm the district court.

Mogan, who is an attorney, sued Airbnb in California state court on behalf of a client named Veronica McCluskey in 2018. *See Mogan v. Sacks, Ricketts & Case LLP*, No. 21-cv-08431, 2022 WL 94927, at *2 (N.D. Cal. Jan. 10, 2022) (describing the *McCluskey* case). After that case went to arbitration, Mogan sued Airbnb on his own behalf, also in California state court, for abuse of process and unfair business practices that he alleged Airbnb committed in the *McCluskey* case. The state court dismissed the case and imposed sanctions against Mogan for filing a frivolous lawsuit. When he refused to pay the sanctions, the California State Bar filed disciplinary charges against him. Law360, a legal news website, detailed these legal battles in three articles published between 2022 and 2023.

That brings us to the present case. Displeased with the news coverage, Mogan sued Portfolio Media, the owner of Law360, for defamation and false light in federal district court. After Portfolio filed a motion to dismiss, Mogan moved to amend his complaint to add statements from the first 2022 article. Portfolio opposed the motion to amend, arguing the case should be dismissed because Law360's coverage was protected by the fair report privilege, and as such, amendment of Mogan's complaint was futile.

The district court agreed with Portfolio. It dismissed the complaint for failure to state a claim and denied leave to amend as futile. As the court correctly explained, under Illinois law, statements of official proceedings that are "complete and accurate or a fair abridgement" are protected by the fair report privilege and thus cannot support a defamation or false light claim. *Solaia Tech., LLC v. Specialty Publ'g. Co.*, 221 Ill. 2d 558, 588 (2006). The court concluded that Mogan failed

to explain how the articles were not a fair abridgment of statements from official proceedings:

> [Mogan] has not explained whether and how he contends the Law360 articles misrepresented the *official proceedings* that are the subjects of those articles. In other words, Mogan has not identified any inconsistencies between the facts as described by Law360 and the facts as described by the court decisions at issue. The availability of the fair report privilege turns on whether the statements accurately recount judicial proceedings, not on the underlying truth of any facts found by the courts in those proceedings.

Mogan now appeals the dismissal of his suit. Our review is de novo. *Adams v. City of Indianapolis*, 742 F.3d 720, 727 (7th Cir. 2014). A statement covered by the fair report privilege cannot form the basis of a defamation or false light claim. *See Solaia*, 221 Ill. 2d at 580, 588 (explaining the privilege defeats defamation claims); *see also Sullivan v. Conway*, 157 F.3d 1092, 1098–99 (7th Cir. 1998) (same for false light claims). So, we consider whether Mogan shows that any statement is not a fair abridgement of official proceedings; if he does, the fair report privilege does not apply. *See Solaia*, 221 Ill. 2d at 580, 588. Mogan challenges thirteen statements from the three articles. Because many of the statements appear in more than one article and Mogan's arguments apply to multiple statements, we group his challenges into three buckets for our discussion.

First, Mogan argues that Law360's coverage "falsely stated" that he was facing sanctions for a baseless and frivolous lawsuit. But that description accurately reflects the

sanctions order, which described Mogan's suit as "baseless," and quoted a prior court order "admonish[ing] Mogan personally for his 'baseless and unprofessional' accusations." He also takes issue with Law360 reporting on a court hearing instead of waiting for a final court order. But the fair report privilege applies equally to court hearings. *See* Restatement (Second) of Torts § 611, cmt. d ("[T]he privilege includes the report of any official hearing or meeting, even though no other action is taken.").

Mogan next argues that Law360 gave an erroneous impression to readers by not covering certain information, including his allegations that Airbnb lied to the court and the California State Bar discriminated against him. But his argument—effectively that Law360 should have provided additional background—does not address how Law360's statements inaccurately summarized the court proceedings it chose to cover. *See Solaia*, 221 Ill. 2d at 585 (explaining the privilege turns on whether the challenged statement accurately summarizes statements of official proceedings).

Finally, Mogan points out that Law360 inaccurately described his legal theory. But the inaccuracy—that Law360 said he requested the sanctions be lifted instead of declared invalid—carries the same "gist or sting of the alleged defamation" and so is still protected by the fair report privilege. *Harrison v. Chi. Sun-Times, Inc.*, 341 Ill. App. 3d 555, 572 (2003). We find none of Mogan's arguments persuasive and conclude he does not show that any statement was an inaccurate abridgement of statements from official proceedings.

Our review of the thirteen statements confirms that each is protected by the fair report privilege as each conveys a "substantially correct account" of the court proceedings it

covers. *Solaia*, 221 Ill. 2d at 590. Because Mogan's complaint and proposed second amended complaint exclusively challenge statements covered by the fair report privilege, we agree with the district court that Mogan has failed to state a claim and amendment is futile.

AFFIRMED.